UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MADISON SPAHN,

                    Plaintiff,

          -against-                                    25-CV-2477 (LTS)

YONKERS CITY COURT,                                    ORDER OF DISMISSAL

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is detained at the Westchester County Jail ("WCJ"), brings this action, *pro se*, under 42 U.S.C. § 1983, asking this Court to recalculate the time computation for his state court sentence. He names as the defendant, Yonkers City Court. By order dated April 2, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses this action for the reasons set forth below.

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are drawn from the complaint.[2] On August 21, 2024, Plaintiff "took a 9 month sentence plea . . . which ran concurrent to another case." (ECF 1, at 4.) Plaintiff contends that because "the sentencing that I took calculated that day being my release date[,] . . .

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[I] should have been time serv[]ed." (*Id.*) Plaintiff "ask[s] for a lawsuit . . . [for] the extra time I spent in jail[] [w]hen I was supposed to be released." (*Id.*) Specifically, he "ask[s] for time computation back for the extra time spent." (*Id.*)

## DISCUSSION

**A.    Yonkers City Court is not a person under Section 1983**

The Court must dismiss Plaintiff's claims against the Yonkers City Court because it is not a "person" that may be sued under Section 1983. *See Whitley v. Westchester Cnty. Corr. Fac. Admin.*, No. 97-CV-420 (SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997) (correctional facility or jail not a "person" within the meaning of Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. June 24, 1994) (Orange County Jail is not suable under Section 1983). The Court therefore dismisses Plaintiff's claims against the Yonkers City Court for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Plaintiff's challenge to the execution of his sentence must be asserted in a petition for a writ of *habeas corpus***

To the extent Plaintiff seeks to challenge the execution of his sentence, arguing that his sentence was calculated in error, he must bring this challenge in a petition for a writ of *habeas corpus*, not a Section 1983 civil rights action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (noting that writ of *habeas corpus* is sole remedy for prisoner seeking to challenge the fact or duration of his confinement)). Specifically, Plaintiff must challenge the execution of his state court sentence in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("The plain language of the pertinent statutes indicates . . . that . . . a state prisoner may challenge either the imposition or the execution of a sentence under Section 2254.").

3

**C.**    **Claims asserted in *habeas corpus* petition first must be exhausted in the state courts**

Before filing a Section 2254 petition in a federal district court, a petitioner must exhaust his state court remedies. *See* § 2254(b)(1)(A); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion rule requires that a *habeas corpus* petitioner give the state courts the first opportunity to review any constitutional errors associated with that petitioner's confinement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).

In order to exhaust available remedies within the courts of the State of New York for the purpose of federal *habeas corpus* review, a petitioner must directly appeal his judgment of conviction to the New York Supreme Court, Appellate Division. *See* N.Y. Crim. Proc. Law. § 460.70. Should that court's decision adversely affect the petitioner, he should then seek leave to appeal from the New York Court of Appeals, the highest court in the State of New York. *See* N.Y. Crim. Proc. Law § 460.20; *Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If a petitioner cannot assert grounds for *habeas corpus* relief in his direct appeal, he should raise such grounds in a motion filed in the trial court under Section 440.10 of the New York Criminal Procedure Law and/or in another type of state court post-conviction collateral motion or application. If unsuccessful, the petitioner must then seek leave to appeal from the Appellate Division or, if appropriate, from the New York Court of Appeals. *See, e.g.*, *Green v. New York*, No. 14-CV-2073 (RJS) (KNF), 2016 WL 7338415, at *5 (S.D.N.Y. Dec. 19, 2016).

Plaintiff alleges no facts showing that he has exhausted his available state-court remedies. The Court therefore declines to construe Plaintiff's complaint as a Section 2254 petition. Should

4

Plaintiff intend to pursue relief in a Section 2254 petition, he must allege facts showing that he exhausted his state court remedies.[3]

**D.      Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because Plaintiff's challenge must be asserted in a Section 2254 petition, and for the reasons stated above, the Court declines to construe the complaint as a Section 2254 petition, the Court finds that it would be futile to grant Plaintiff leave to amend.

### CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Because Plaintiff has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

Plaintiff's request for release from custody is denied without prejudice to his filing a petition for a writ of *habeas corpus* once he has exhausted all of his available state-court remedies.

---

[3] Plaintiff is advised that should he file a Section 2254 petition, he will have one opportunity within the limitations period for a full adjudication of his claims.

The Court directs the Clerk of Court to enter judgment dismissing this action.

SO ORDERED.

Dated:    February 24, 2026
             New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

6